UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

ROLAND FERGUSON,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Movant,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　) Case No. CV414-070
　　　　　　　　　　　　　　　　　)
IMMIGRATION AND CUSTOMS　　　　　)
ENFORCEMENT and UNITED　　　　　　)
STATES DEPARTMENT OF　　　　　　　)
HOMELAND SECURITY,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Respondents.　　　　　　　　)

## REPORT AND RECOMMENDATION

Roland Ferguson has filed a petition asking this Court to review an administrative decision by an immigration judge ordering his removal from the United States. Citing 8 U.S.C. § 1252(b)(2),[1] he contends that venue in this Court is proper because the administrative proceedings "took place in this judicial circuit." (Doc. 3 at 1.) Section 1252(b)(2) provides for limited judicial review of certain orders of removal issued by an immigration judge. But the "sole and exclusive means for judicial

---

[1] Ferguson also endeavors to frame his action as a "habeas corpus" matter under 28 U.S.C. § 2255. That statute, however, applies only to challenges to the validity of a federal court conviction or sentence, which is not what Ferguson seeking to do.

review" under the statute is in the "appropriate court of appeals," 8 U.S.C. § 1252(a)(5), which is "the appellate court in which the immigration judge completed the proceedings."[2] 8 U.S.C. § 1252(b)(2). A federal district court, therefore, lacks jurisdiction to entertain such a petition for review *absent* a transfer of the proceedings from the court of appeals to resolve "a genuine issue of material fact about petitioner's nationality." 8 U.S.C. § 1252(b)(5)(B).

Since no such transfer order has been issued by the Eleventh Circuit Court of Appeals, this Court lacks jurisdiction to hear the petition. Consequently, this case must be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 29th day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] There is a limited exception under 8 U.S.C. § 1252(e) for those who have been subjected to an "expedited" removal under 8 U.S.C. § 1225(b)(1). Ferguson has neither suggested that he was subjected to such a removal nor indicated that he needs the Court to determine any of the three permissible inquiries under that provision: (1) whether he is an alien, (2) whether he was ordered removed under § 1225(b)(1), and (3) whether he is a permanent resident, refugee, or was granted asylum. 8 U.S.C. § 1252(e)(2).